Dwight E. FREEMAN, Plaintiff–
Appellant,

v.

Captain EVERSON, et al.,
Defendants–Appellees.

No. 01–3424.

United States Court of Appeals,
Sixth Circuit.

Dec. 3, 2001.

Before CLAY and GILMAN, Circuit
Judges; EDGAR, District Judge.*

## ORDER

Dwight E. Freeman, an Ohio prisoner proceeding pro se, appeals a district court judgment in his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Freeman sued seven corrections officers and two nurses employed at the North Central Correctional Institution in their individual and official capacities. In his original complaint, Freeman alleged that, on May 11, 1996, he was thrown to the ground and beaten while in handcuffs and shackles by Capt. Everson and Lt. Ison. He further alleged that he was then dragged to the infirmary by Everson and

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

Ison along with corrections officers Shaver, Hamilton, Minard, and Bentley, where he was stripped and kept naked in a cold cell for three days. Finally, he claimed that nurses Jacobs and Melvine were present, but denied him medical treatment. In a supplement to his complaint, Freeman alleged that, on June 18, 1996, Lt. Harris sprayed him in the face with pepper spray without cause while he was handcuffed in a holding cell. He claimed that he was denied medical treatment on this occasion as well.

In an opinion and judgment filed on May 10, 2000, the district court granted the defendants' motion for summary judgment as to the claims of denial of medical treatment because Freeman made no factual allegations that would support a finding of serious physical injury in either incident. The district court later dismissed defendants Melvine and Jacobs as parties.

Freeman's excessive force claims proceeded to trial. On February 16, 2001, the jury returned verdicts in favor of defendants Harris, Ison, Minard, Bentley, and Hamilton and against plaintiff. The jury also returned a verdict in favor of Freeman and against defendants Everson and Shaver in connection with the May 11, 1996, incident. However, the jury awarded $0 damages to Freeman on this claim. In responding to special interrogatories, the jury found that the actions of those defendants found to have used excessive force did not proximately cause any injury and/or damage to Freeman. The district court's judgment was entered on February 27, 2001. Freeman appealed from this judgment.

Defendants Everson and Shaver timely moved to alter or amend the judgment under Fed.R.Civ.P. 59(e) on the ground that the jury's verdicts were inconsistent and that an amendment was necessary to correct a clear error of law or to prevent manifest injustice. Freeman failed to respond to the motion to amend the judgment. In light of his "past diligence in pursuit of his claims," the district court ordered that Freeman be sent a second copy of the motion to amend and extended the time for response to May 31, 2001. Freeman still did not respond and, in a memorandum opinion and judgment entered on June 15, 2001, the district court granted the defendants' motion to amend. Judgment was thus entered in favor of all of the defendants and against Freeman.

On appeal, Freeman argues that he should have been awarded damages on his successful claim against Everson and Ison, that the district court and jury were biased against him, that the district court improperly responded to the jury during deliberations, and that the jury did not follow instructions. Upon review, we affirm the district court's judgment, as amended.

Initially, we note that Freeman does not challenge on appeal the disposition of his denial of medical treatment claims or his excessive force claims against any defendant other than Everson and Shaver. Therefore, those claims are considered to be abandoned and are not reviewable. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

Freeman's notice of appeal and his brief on appeal specifically challenge the judgment entered on February 27, 2001, in accordance with the jury's verdict. Pursuant to Fed. R.App. P. 4(a)(4)(B)(i), this notice of appeal became effective after the district court ruled on the defendants' time-tolling motion. However, because Freeman did not file a notice of appeal from the district court's order disposing of the Rule 59(e) motion as required, *see* Fed. R.App. P. 4(a)(4)(B)(ii), that order is not properly before this court for review. Moreover, after being given additional no-

tice and time to respond to the defendants' motion to alter or amend the judgment, Freeman did not respond, thus waiving his right to appeal the district court's order absent plain error. *See Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 544–45 (6th Cir.1996).

■ There is no plain error in this case. Even if the judgment had remained in favor of Freeman and against Everson and Shaver in the amount of $0, his failure to challenge the jury's responses to the interrogatories at the time or in a post-judgment motion waived his right to appeal that aspect of the jury's verdict. *See Doyne v. Union Elec. Co.*, 953 F.2d 447, 450 (8th Cir.1992); *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1422–23 (10th Cir.1986).

■ In any event, the district court did not abuse its discretion by amending the judgment in favor of Everson and Shaver. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995); *Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir.1970). The appellees in their brief argue that Freeman's issues on appeal are unreviewable because Freeman did not provide this court with a trial transcript. However, the transcript was included in the certified record transmitted to this court. We have reviewed the transcript in its entirety and conclude that the district court did not err in finding that the evidence offered no reasonable way to distinguish the actions of the defendants who were found by the jury to have used excessive force and those defendants who were not. Moreover, because the jury specifically found that Everson and Shaver did not proximately cause any harm to Freeman and, therefore, awarded $0 damages, the district court properly found that Freeman had failed to establish the defendants' liability in his § 1983 claim. The Supreme Court has noted that compensatory damages are available in a § 1983 action only where the defendants proximately caused an actual, as opposed to an abstract, injury. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). Punitive damages are available only upon a showing of the requisite intent, e.g., malice, *id.* at 306 n. 9, 106 S.Ct. 2537, which the jury apparently did not find.

Freeman asserts on appeal that the district court improperly responded to the jury during deliberations. He cites no specific example and this court is not required to search the record to find factual support for his conclusory allegation. However, in light of Freeman's pro se status, we have reviewed the transcript and have found only one instance where Freeman complained about the district court's communication with the jury. The jury had, apparently, asked for a portion of the trial testimony to be provided to them and the district court refused. Because the district court was well within its discretion in its response to the jury's request and because Freeman does not show how he was prejudiced by that response, he is not entitled to relief.

Freeman asserts, but does not further explain, that the jury failed to follow the district court's instructions. Such a conclusory assertion, unsupported by any facts, does not warrant relief. In any event, in the absence of evidence to the contrary, it is presumed that the jury followed the court's instructions. *Barnes v. Owens–Corning Fiberglas Corp.*, 201 F.3d 815, 821 (6th Cir.2000).

Finally, Freeman also makes the conclusory assertion that the district court and jury were biased against him. Again, he points to nothing in the record other than the fact that he did not prevail in the lawsuit to support this claim, and we find nothing. Thus, Freeman has failed to

demonstrate bias on the part of either the judge or the jury.

Accordingly, the district court's judgment, as amended, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.